# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-cr-118 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL PRYOR | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a hybrid Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (styled as a "Motion Requesting Relief under *Johnson*") and for appointment of counsel, filed by defendant, Michael Pryor. [doc. # 50]. The United States opposes the Motion. [doc. # 58]. For the reasons stated below, it is recommended that the § 2255 motion be **DENIED**. Pryor's motion for appointment of counsel is **DENIED as MOOT**.

## Background

On April 24, 2013, a federal grand jury returned a three-count Indictment charging Defendant with one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a), one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(D), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). [doc. #1].

On October 28, 2013, Defendant pleaded guilty to Counts 1 and 3 of the Indictment and the Government, in turn, agreed to dismiss Count 2. [doc. # 35]. On February 4, 2014, the District Court sentenced Defendant to one hundred and seventeen (117) months of imprisonment and five (5) years of supervised release. [doc. # 45]. It also ordered him to pay a special assessment of $200.00 to the U.S. Clerk of Court. *Id.*

Defendant did not appeal his conviction or sentence.

Defendant filed the instant § 2255 motion on June 20, 2016, arguing that he was entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), a holding in which the United States Supreme Court struck down as unconstitutionally vague the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). [doc. #50].

On September 14, 2016, the District Court stayed the instant motion "until the Supreme Court issue[d] a ruling in *Beckles v. United States*, No. 15-8544." [doc. #54]. On March 6, 2017, the *Beckles* Court held that the U.S. Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 888 (2017). Thus, on July 7, 2017, the District Court lifted the stay and referred the matter to the undersigned for further proceedings on Pryor's § 2255 petition consistent with *Beckles*. [doc. #56].

The Government filed its response to Pryor's petition on July 11, 2017, arguing that Pryor's motion is both untimely and without merit. [doc. #58]. Pryor did not file a reply and the time to do so has since lapsed. *See* doc. #57. The matter is now before the Court.

## Law and Analysis

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and the conviction has been upheld on direct appeal, there is a presumption that the conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). As a result, review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of

the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Collateral review is fundamentally different from, and may not replace, a direct appeal. *Frady*, 456 U.S. at 152. Thus, even if the issues are constitutional or jurisdictional, a defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under Section 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which she is innocent. *Shaid*, 937 F.2d at 232.

I.  **Unless an Exception Applies, Pryor's Petition is Untimely**

A convicted defendant generally has one year after the judgment of conviction becomes final to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). Pryor pleaded guilty to Counts 1 and 3 of the Indictment, and the District Court entered judgment on February 4, 2014. Pryor did not appeal his conviction or sentence. "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v.*

3

*Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Pryor's conviction therefore became final on February 14, 2014, ten days after it was entered. *See* FED. R. APP. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of . . . the judgment."); *United States v. Plascencia*, 537 F.3d 385, 389 (5th Cir. 2008) (because defendant never filed an effective notice of appeal, his judgment became final ten days after it was entered). Unless an exception applies, Pryor's motion is more than two years too late.

**II.      Pryor is Not Entitled to Relief Under *Johnson*; Thus, His Petition is Untimely**

   *A. Section 2255(f)(3)*

In his motion, Pryor argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), a decision that was made retroactive by the Supreme Court in *Welch v. United States*, 136 S.Ct. 1257 (2016). 28 U.S.C. § 2255 has a one-year statute of limitations unless an exception applies. One exception provides that the one-year limitation period begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". 28 U.S.C. § 2255(f)(3). *Johnson* was decided on June 25, 2015, and the instant motion was filed on June 20, 2016. Therefore, if Pryor is entitled to relief under *Johnson*, his petition is timely.

   *B.* Johnson v. United States

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924 *et seq.*, imposes a minimum sentence of fifteen (15) years for defendants convicted of unlawful possession of a firearm under 18 U.S.C. § 922(g) who have three prior state or federal convictions for "violent felonies" or serious drug offenses. The ACCA's residual clause defined "violent felony" to include any

felony that "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). In *Johnson*, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague under the Fifth Amendment's Due Process Clause. 135 S.Ct. at 2561-63. Subsequently, in *Welch*, the Supreme Court held that *Johnson* was a substantive constitutional rule that applied retroactively on collateral review. 136 S.Ct. 1257.

In this case, it is undisputed that Pryor was not sentenced under the residual clause of the ACCA. Pryor's Sentencing Guidelines sentence range was selected based on his prior conviction for a "controlled substance offense" under U.S.S.G. § 2k2.1(a)(4)(A), which fixes the offense level at 20 when "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense . . . ." In *Beckles*, the Supreme Court declined to extend *Johnson* to guidelines determinations. 137 S.Ct. at 890. Thus, *Johnson* does not provide relief in this case. *See United States v. Taylor*, —F. App'x—, 2017 WL 2703680 (5th Cir. 2017) (mem.) (defendant not entitled to *Johnson* relief where he challenged his base offense level under U.S.S.G. § 2K2.1(a)); *United States v. Casper*, No. 16-260, 2017 WL 2198184, *4 (S.D. Miss. May 18, 2017) (defendant not entitled to *Johnson* relief related to the calculation of his base-offense level under § 2K2.1(a)).

Because Pryor is not entitled to relief under *Johnson*, his § 2255 motion is untimely and should be dismissed. As Pryor's § 2255 motion is subject to dismissal, his motion for appointment of counsel, [doc. #50], is DENIED as MOOT.

## Conclusion

For the reasons set forth above,

**IT IS RECOMMENDED** that the Motion to vacate, set aside, or correct sentence, [doc.

# 50], filed by Defendant Michael Pryor be **DENIED** as time-barred.

**IT IS ORDERED** that the motion to appoint counsel, [doc. #50], is **DENIED as MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C.

§ 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 2nd day of August, 2017.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　KAREN L. HAYES
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE